# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### LEWIS T. BABCOCK, JUDGE

Criminal Case No. 05-cr-00217-LTB
Civil Case No. 07-cv-00867-LTB

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

v.

RANDY EUGENE KEYES,

       Defendant-Movant.

_____

## MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

    This motion to vacate conviction is before me on Defendant-Movant, Randy Eugene Keyes's ("Defendant"), Motion to Vacate Conviction under 28 U.S.C. § 2255(3) [**Criminal Docket # 39**], the Government's Response [**Criminal Docket # 45**], and Defendant's Reply [**Criminal Docket # 46**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Defendant's motion [**Criminal Docket # 39**].

## I. BACKGROUND

    On November 10, 2005, Defendant entered a plea of guilty to possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("2005 felony"). The predicate felony underlying this offense was Defendant's 1992 conviction in Clark County District Court, Las Vegas, Nevada, for possession of 2/10 of a gram of cocaine ("1992 felony"). Defendant

received a two year suspended prison sentence with probation for the 1992 felony.  Defendant

successfully completed his two year probation.

Defendant was sentenced for the 2005 felony on January 20, 2006, to a term of seventy

months imprisonment followed by three years of supervised release.  Judgment was entered on

January 30, 2006, and—as Defendant did not appeal—became final on February 13, 2006.

Defendant filed the present motion on April 26, 2007.  Defendant argues his guilty plea

should be set aside and concomitant conviction and sentence vacated in light of the Supreme

Court's recent holding in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), that state drug

felonies—such as Defendant's 1992 felony for mere possession—classified as misdemeanors

under the Controlled Substances Act ("CSA") do not qualify as aggravated felonies under the

portion of the Immigration and Nationality Act ("INA") that requires deportation of any alien

who has been convicted of an aggravated felony.  8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228,

1229b(a)(3).

## II.  STATUTE OF LIMITATIONS

Under 28 U.S.C. § 2255, Defendant must move this Court to vacate his conviction within

one year, running from the most recent of the following: (1) the date on which the judgment of

conviction becomes final; (2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the

movant was prevented from making a motion by such governmental action; (3) the date on which

the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or (4) the date on which the facts supporting the claim or claims presented could have been

2

discovered through the exercise of due diligence.  Neither (2) nor (4) are applicable here.

Likewise, the statute of limitations under (1) expired on February 13, 2007.  Thus, Defendant may

only proceed if his motion arises under (3)—retroactive application of rights newly recognized by

the Supreme Court.

Defendant argues *Lopez*—as a decision of statutory interpretation—should be considered

fully retroactive because it did not change the law but rather interpreted the terms of the INA and

CSA to explain what the law has always meant.  *See Rivers v. Roadway Express, Inc.*, 511 U.S.

298, 312–13 (1994) ("A judicial construction of a statute is an authoritative statement of what the

statute meant before as well as after the decision of the case giving rise to that construction.");

*United States v. Rivera-Nevarez*, 418 F.3d 1104, 1107 (10th Cir. 2005).  *Lopez* was decided on

December 5, 2006.  Thus—if I accept Defendant's argument—this motion was filed within the

limitations period.

The Tenth Circuit applies *Lopez* retroactively to cases that were open on *direct review*

when *Lopez* was decided.  *See Gonzalez-Gonzalez v. Weber*, 472 F.3d 1198, 1201–02 (10th Cir.

2006) (holding *Lopez* "must be given full retroactive effect in all cases still open on direct review

and as to all events, regardless of whether such events predate or postdate the announcement of

the rule" (citing *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993))).  Defendant's case,

however, clearly had become final on direct review at the time *Lopez* was decided.  Thus, for

Defendant's motion to survive the statute of limitations, *Lopez* must be applicable retroactively on

*collateral review*.

The Supreme Court most recently examined the question of retroactivity in the context of

collateral review in *Whorton v. Bockting*, 127 S. Ct. 1173, 1180 (2007): "In *Teague* [*v. Lane*, 489

U.S. 288 (1989)] and subsequent cases, we have laid out the framework to be used in determining whether a rule announced in one of our opinions should be applied retroactively to judgments in criminal cases that are already final on direct review.  Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.  A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'"  Thus, for *Lopez* to apply retroactively to this collateral challenge, it must be either an old rule or a new rule that is either substantive or a "watershed rule."

An "old rule" is a rule that is "dictated by precedent existing when the judgment in question became final."  *Stringer v. Black*, 503 U.S. 222, 227 (1992).  In contrast, a rule is "new" if it "imposes a new obligation on the States or the Federal Government," or was not "*dictated* by precedent existing at the time the defendant's conviction became final."  *Teague*, *supra*, 489 U.S. at 301.  *Lopez*, save for a few passing references to canons of statutory interpretation, was not reliant upon—let alone dictated by—prior precedent.  Thus, *Lopez* did not announce an "old rule" of law that should be applied retroactively under *Teague*.

As *Lopez* announced a new rule—and Defendant's case was no longer subject to direct review when *Lopez* was decided—I may apply *Lopez* retroactively only if the rule is substantive or is a "watershed rule" of criminal procedure implicating the "fundamental fairness and accuracy of the criminal proceeding."  *Whorton*, 127 S. Ct. at 1180.  "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."  *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004).  In contrast, "rules that regulate only the manner of

4

determining the defendant's culpability are procedural." *Id.*

"A decision that modifies the elements of an offense is normally substantive rather than procedural." *Schriro*, *supra*, 542 U.S. at 354. Thus, if a decision alters the range of conduct or class of persons a statute punishes—so that some formerly unlawful conduct is rendered lawful—the rule is substantive. *Id.*

This is precisely the nature of the *Lopez* decision. *Lopez* overruled the rule announced in numerous Circuits—including the Tenth Circuit—that a state felony could serve as the predicate felony for an "aggravated felony" finding under the INA despite being considered a misdemeanor under the CSA. After *Lopez*, those persons—like Lopez himself—with state felony drug convictions for crimes that did not also amount to federal drug felonies were no longer "aggravated felons." This clearly meets test of whether a change in law alters "the class of persons that the law punishes." *Schriro*, *supra*, 542 U.S. at 353. Likewise, after *Lopez*, the range of punishable conduct was significantly altered. Accordingly, I conclude *Lopez* announced a substantive new rule of law that should be applied retroactively to this collateral proceeding. *But see United States v. Carroll*, Nos. 5:03cr42/MCR, 5:06cv238/MCR/MD, 2007 WL 1299334, at *10 (N.D. Fla. April 30, 2007) (holding, without explanation, "*Lopez* is clearly procedural under this standard, and thus it cannot be applied retroactively unless it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding"); *United States v. Barber*, Civil No. 07-5103, Criminal No. 01-50019, 2007 WL 3101852, at *3 (W.D. Ark. Oct. 22, 2007) (same rule without explanation); *Storeby v. United States*, Nos. 8:02-cr-65-T-24TBM, 8:07-cv-882-T-24TBM, 2007 WL 1577804, at *3 (M.D. Fla. May 31, 2007) (same rule without explanation).

### III.  *LOPEZ V. GONZALES*

In *Lopez*, the Supreme Court held state felonies classified as misdemeanors under the CSA do not qualify as felonies under the portion of the INA that requires deportation of any alien who has been convicted of an aggravated felony.  *Lopez*, *supra*, 127 S. Ct. at 633.  The Court based its holding on the plain meaning of the words in the relevant statutes.  *Id.* at 631.  Under the INA, the term "aggravated felony"—in the context of drug crimes—means "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  Under 18 U.S.C. § 924(c)(2), the term "drug trafficking crime"—at least to the extent applicable to the facts here—means "any felony punishable under the Controlled Substances Act."  Prior to *Lopez*, courts had interpreted this latter definition broadly, constructively inserting a comma between "felony" and "punishable" so that any drug felony—whether it be state or federal—would amount to a drug trafficking crime so long as the felony was punishable in any way under the Controlled Substances Act.  *See Lopez*, *supra*, 127 S. Ct. at 629 n.3, 631 (discussing cases).  *Lopez* held that the term "felony" was modified by "punishable under the Controlled Substances Act" such that the phrase should be read together to mean "any drug crime punishable as a felony under the Controlled Substances Act."  *Id.* at 633.

Defendant argues under *Lopez* that—because Defendant was convicted of a Nevada felony that would be a misdemeanor under the CSA—his 1992 felony cannot serve as the predicate felony for an 18 U.S.C. § 922(g)(1) violation.  In essence, Defendant asks I extend *Lopez*—which dealt exclusively with the term "aggravated felony" in the INA—to the following language in 18 U.S.C. § 922(g)(1) (internal formatting omitted): "It shall be unlawful for any

person who has been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or

affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which

has been shipped or transported in interstate or foreign commerce."

The plain language of § 922(g)(1), however, forecloses Defendant's interpretation.  Unlike

the INA, the predicate conviction under § 922(g)(1) is not of an "aggravated felony," nor even a

"felony."  Instead, the predicate conviction under § 922(g)(1) is of any "crime punishable by

imprisonment for a term exceeding one year."  Further, such conviction may be in "any court,"

and what "constitutes a conviction of such a crime shall be determined in accordance with the law

of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).

Case law interpreting *Lopez* supports my conclusion.  *Lopez* has never been applied in the

context sought by Defendant.  Indeed, those courts that have applied *Lopez* outside of 8 U.S.C.

§§ 1227(a)(2)(A)(iii), 1228, and 1229b(a)(3) have limited its application to other uses of the term

"aggravated felony" in the immigration context.  *See, e.g., United States v. Martinez-Macias*, 472

F.3d 1216, 1218–19 (10th Cir. 2007) (applying *Lopez* to the Federal Sentencing Guidelines §

2L1.2(b)(1)(C) recommendation of an eight level enhancement for "conviction for an aggravated

felony" after a conviction for unlawfully entering or remaining in the United States); *United States

v. Estrada-Mendoza*, 475 F.3d 258, 261 (5th Cir. 2007) (same); *United States v. Winningham*,

No. 1:01-cr-00039-MP-AK, 2007 WL 1308673, at *2 (N.D. Fla. May 3, 2007) (holding *Lopez*

was inapplicable to the language "prior conviction for a felony drug offense" in 21 U.S.C. §

841(b)(1)(A) because "felony drug offense" was defined in 21 U.S.C. § 802(44) as "an offense

that is punishable by imprisonment for more than one year under any law of the United States or

of a State"); *Lampton v. Menifee*, No. 07-0628-A, 2007 WL 2710798, at *4 (W.D. La. Sept. 11, 2007) ("Further, since the resolution of petitioner's predicament does not turn on an interpretation of the 'aggravated felony' provisions of the INA, the holding of *Lopez*, *supra*, does not apply."); *Maxwell v. Warden*, No. 4:06 CV 2844, 2007 WL 546366, at *3 (N.D. Ohio Feb. 16, 2007) (holding *Lopez* did not apply to CSA crimes outside of the INA context).  Accordingly, I conclude *Lopez* does not apply to the language of § 922(g)(1).

Defendant also argues his conviction under § 922(g)(1) was because, under *Lopez*, possession of a small amount of cocaine does not affect "commerce."  *See Lopez*, *supra*, 127 S. Ct. at 630 ("Commerce . . . is no element of simple possession").  This argument misinterprets § 922(g)(1)'s application of the Commerce Clause, however.  The "commerce" in § 922(g)(1) is the commercial trade of firearms, not the commercial nature of the predicate felony.  *See United States v. Campbell*, 372 F.3d 1179, 1182 (10th Cir. 2004).  All the Government need prove is that the firearm was at some point transported in interstate or foreign commerce.  *See id.*  As Defendant does not allege—and, even if he did, such an argument would be foreclosed by the statute of limitations—the firearm in question was not transported in interstate or foreign commerce, this argument fails as well.

## IV.  DEFENDANT'S REMAINING ARGUMENTS

Defendant raises several additional arguments, none of which arise under *Lopez*. Accordingly, the statute of limitations clearly applies.  Nonetheless, I address and dismiss each below.

Defendant argues that the 1992 felony cannot serve as the predicate felony for a § 922(g)(1) conviction because he was never sentenced to imprisonment and was only sentenced to

two years probation.  For the purposes of determining whether a state conviction acts as a predicate conviction under 922(g)(1), "what matters is not the actual sentence which the defendant received but the maximum possible sentence."  *United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006).

Under Nevada law, first time drug possession is a category E felony "for which  a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of not less that 1 year and a maximum term of not more than 4 years."  NEV. REV. STAT. §§ 193.130(2)(e); 453.336(2)(a).  Defendant notes that Nevada law also requires that "upon sentencing a person who is found guilty of a category E felony, the court shall suspend the execution of the sentence and grant probation to the person upon such conditions as the court deems appropriate."  NEV. REV. STAT. § 193.130(2)(e).  Defendant neglects to mention, however, that Nevada courts are not required to suspend execution of a sentence when the convicted person was "serving a term of probation or was on parole at the time the crime was committed, whether in [Nevada] or elsewhere, for a felony conviction."  NEV. REV. STAT. § 176A.100(1)(b)(1).  At the time of Defendant's 1992 drug possession, he was on probation for a felony in Montana.  Thus—at least as applied to Defendant—the maximum sentence for the 1992 felony remained four years.  The mere fact that Defendant's four-year maximum sentence was reduced to probation does not remove his violation from the scope of § 922(g)(1).  *See Williams*, *supra*, 442 F.3d at 1261.  As such, this argument fails.

Defendant argues he is now eligible to have his rights restored under Nevada law.  Under § 921(a)(20), a previously convicted felon will not be subject to § 922(g)(1) if he has had his civil rights restored by the jurisdiction in which the predicate conviction was issued.  *See United States*

*v. Laskie*, 258 F.3d 1047, 1050–52 (9th Cir 2001) (examining Nevada law regarding restoration of rights by "honorable discharge"); *United States v. Hall*, 20 F.3d 1066, 1069 (10th Cir. 1994). Such restoration may be individualized or automatic by operation of statute. *See Hall*, 20 F.3d at 1069. Under Nevada law, however, mere eligibility for "honorable discharge" is insufficient—a convicted person must petition for and receive such discharge from a Nevada court. *See* NEV. REV. STAT. § 176A.850. Defendant does not claim he has actually been granted honorable discharge, merely that he is eligible. As such, this argument must also fail.

## V.  CONCLUSION

Accordingly, Defendant's Motion to Vacate Conviction under 28 U.S.C. § 2255(3) [**Criminal Docket # 39**] is DENIED. Defendant's Motion for an Order Requesting Discovery [**Criminal Docket # 40**] and Motion to Expedite [**Criminal Docket # 41**] are DENIED as moot.

Dated: November __9__, 2007.

BY THE COURT:

_____s/Lewis T. Babcock_____
Lewis T. Babcock, Judge